**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 16-cv-14326-MIDDLEBROOKS**

RICHARD LEONARD,

Plaintiff,

v.

ZWICKER & ASSOCIATES, P.C.,

Defendant.

_________________________________/

**ORDER GRANTING MOTION TO DISMISS**

THIS CAUSE comes before the Court upon Defendant Zwicker & Associates, P.C.'s ("Zwicker") Motion to Dismiss, filed on October 20, 2016. (DE 21). Plaintiff Richard Leonard filed a Response on November 11, 2016 (DE 26), to which Defendant replied on November 21, 2016 (DE 28). For reasons stated below, Zwicker's Motion is granted.

## I. BACKGROUND

Zwicker is a Massachusetts corporation, engaged in the business of collecting consumer debts, who, at all times material to the allegations in the Complaint, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt. (DE 18 ¶¶ 5, 8).

Plaintiff alleges that Zwicker sought to collect a consumer debt from Plaintiff on an American Express Gold Card credit card account issued by American Express Centurion Bank. (DE 18 ¶ 9). According to the Complaint, the creditor of the debt is American Express Centurion Bank. (DE 18 ¶ 10). Alternatively, Plaintiff alleges that American Express Centurion Bank is only the creditor of the credit card *account*, and the creditor of the credit card *receivables*, and therefore the "real creditor in interest," is American Express Receivables Financing Corporation III LLC ("RFC"), a separate entity to which American Express Centurion Bank sold the credit card receivables. (DE 18 ¶¶ 51, 53, 56-63).

According to Plaintiff, on or about December 9, 2016, Zwicker mailed Plaintiff a letter seeking payment of the debt ("Demand Letter"), which was Zwicker's initial communication with Plaintiff about

the debt. (DE 18 ¶¶ 11, 18 & Ex. 1). Plaintiff alleges that the Demand Letter identifies "American Express" as the creditor to whom the debt is owed and does not list any other creditor, including the actual creditor, who is either American Express Centurion Bank, or alternatively, RFC. (DE 18 ¶¶ 15-17, 54). The header of the Demand Letter states, in pertinent part:

> Creditor: American Express
> Account number ending in: 16005 Balance: $14619.71

(DE 18 ¶ 12 & Ex. 1).

Plaintiff alleges that Zwicker's identification of "American Express" as the creditor to whom the debt is owed is false and misleading. (DE 18 ¶¶ 18, 46). Plaintiff alleges that there are numerous different entities that identify themselves as "American Express," including over fifty business entities whose names begin with "American Express" in Florida. (DE 18 ¶¶ 18, 31 & Ex. 3). Plaintiff further alleges that the registered owner of the trademark "American Express" is American Express Marketing & Development Corp., which does not issue credit cards and therefore is not a "creditor" within the meaning of the FDCPA. (DE 18 ¶ 19 & Ex. 2).

On August 2, 2016, Plaintiff filed the instant action against Zwicker. (DE 1). On October 3, 2016, Plaintiff filed the First Amended Complaint (DE 18), alleging (1) two counts of failing to identify the creditor of a consumer debt in violation of 15 U.S.C. § 1692g(a) of the Fair Debt Collection Practices Act ("FDCPA"); and (2) one count of sending a deceptive and misleading communication in violation of 15 U.S.C. § 1692e of the FDCPA. Zwicker moves to dismiss all three counts.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore

permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to plaintiff and take the factual allegations stated therein as true. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purpose of determining whether a claim is legally sufficient).

Generally, a plaintiff is not required to detail all the facts upon which he bases his claim. Fed. R. Civ. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Twombly*, 550 U.S. at 555-56. However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556 n.3. Plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). "Factual allegations must be enough to raise [plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Id.*

## III. DISCUSSION

To assert an FDCPA claim, Plaintiff must allege that: (1) he has been the object of collection activity arising from consumer debt; (2) Defendant is a debt collector as defined by the FDCPA; and (3) Defendant has engaged in an act or omission prohibited by the FDCPA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010). The Parties do not dispute that Plaintiff alleges the first two elements. The heart of their disagreement is whether Plaintiff sufficiently alleges the third element

by claiming that Zwicker misidentified Plaintiff's creditor as "American Express" in violation of §§ 1692g(a)(2) and 1692e(10) of the FDCPA.

"Because Congress enacted the [FDCPA] primarily to protect consumers, [the Eleventh Circuit] evaluate[s] the circumstances giving rise to an alleged FDCPA violation from the perspective of the least sophisticated consumer." *Prescott v. Seterus, Inc.*, 635 F. App'x 640, 644 (11th Cir. 2015) (evaluating §§ 1692e(2) and 1692f(1) claims under least sophisticated consumer standard); *see also Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291, 1305 (11th Cir. 2015) (evaluating §§ 1692d, 1692e(10), and 1692f claims under least sophisticated consumer standard); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1177 (11th Cir. 1985) (evaluating § 1692e(10) claim under least sophisticated consumer standard, but not § 1692e(5), which depends on debt collector's intent rather than effect of communication on consumer).[1] The Eleventh Circuit describes the least sophisticated consumer standard as follows:

> The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.

*LeBlanc*, 601 F.3d at 1193 (internal quotations and citations omitted).

**a. Counts I & III – 15 U.S.C. § 1692g(a)**

Section 1692g(a) of the FDCPA requires a debt collector, within five days after the initial communication with a consumer in connection with the collection of a debt, to provide written notice describing the debt, including by identifying "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The FDCPA does not address whether a debt collector must use the full business name of a creditor in order to comply with § 1692(g)(a)(2). Plaintiff alleges that the full business name is required, but Zwicker argues that "American Express," which is the name under which both American

[1] Although the Eleventh Circuit has not expressly held that the least sophisticated consumer standard governs a § 1692g claim, other circuits have, reasoning that applying the standard to consumer communications advances the statute's consumer protection purpose. *See, e.g., Swanson v. S. Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988); *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000), *as amended* (Sept. 7, 2000).

Express Centurion Bank and RFC usually transact, sufficiently identifies the debt creditor under § 1692g(a)(2)'s requirement.

Congress's purpose in enacting the FDCPA was "to eliminate abusive debt collection practices by debt collectors. . . ." 15 U.S.C. § 1692(e). The least sophisticated consumer test was adopted to implement the consumer protection goal of the FDCPA by "protecting naive consumers," while "also prevent[ing] liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *LeBlanc*, 601 F.3d at 1193 (internal quotations and citations omitted); *see also Jeter*, 760 F.2d at 1174. In light of the FDCPA's purpose, requiring a creditor be identified by its full business name, rather than the name by which it is commonly referred, could serve only to increase confusion for the least sophisticated consumer, who may be more familiar with the creditor's common name. *See Bailey v. Sec. Nat. Servicing Corp.*, 154 F.3d 384, 388 (7th Cir. 1998) ("The law [is] best served by challenging clear violations rather than scanning for technical missteps that bring minimal relief to the individual debtor but a possible windfall for the attorney."). Accordingly, this Court rejects Plaintiff's bright-line rule that a debt collector must always identify the creditor by its full business name.[2] *See, e.g., Campbell v. Am. Recovery Servs. Inc.*, No. 215CV09079ODWAGR, 2016 WL 3219866, at *3 (C.D. Cal. June 8, 2016) (holding, on motion to dismiss, that "American Express" sufficiently identifies American Express Company and its affiliates under the least sophisticated consumer standard); *Berk v. J.P. Morgan Chase Bank, N.A.*, No. 11-2715, 2011 WL 4467746, at *1 (E.D. Pa. Sept. 26, 2011) (holding that no consumer could find "Chase Auto Loans" is false identification of JPMorgan Chase Bank, JPMorgan Chase & Co., or Chase Auto Finance Corporation); *Blarek v. Encore Receivable Mgmt., Inc.*, No. 06-C-0420, 2007 WL 984096, at *7 (E.D. Wis. Mar. 27, 2007) (holding that any legitimate name under which the creditor operates could satisfy § 1692g(a)(2)).

---

[2] The Court's interpretation is aligned with the Federal Trade Commission's interpretation of the FDCPA, which permits a debt collector to use "its full business name, the name under which it usually transacts business, or a commonly-used acronym." Federal Trade Commission Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,107, 1988 WL 269068 (Dec. 13, 1988).

In this case, Zwicker's use of "American Express," instead of the full business name "American Express Centurion Bank" or "American Express Receivables Financing Corporation III, LLC," provides accurate information to the consumer on the creditor's identity. As indicated in the Supplemental Prospectus attached to Plaintiff's Complaint, "American Express" is a federally registered servicemark of American Express Company and its affiliates.[3] (DE 18-4 at 3 n.*). Although Plaintiff argues that the "American Express" trademark was registered by American Express Marketing & Development Corp., which does not itself issue credit cards, the trademark registry, attached to Plaintiff's Complaint, indicates that the "American Express" trademark identifies services that include "issuing credit cards." (DE 18-2). Accordingly, Zwicker did not misidentify Plaintiff's creditor in violation § 1692g(a)(2) by using the servicemark "American Express" rather than the full business name of the relevant American Express Company affiliate. Counts I and III are dismissed.

**b. Count II – 15 U.S.C. § 1692e**

Section 1692e forbids debt collectors from "use of any false representation or deceptive means to collect or attempt to collet any debt . . . ." 15 U.S.C. § 1692e(10). Plaintiff alleges that any false representation of a creditor's name is deceptive, but Zwicker argues that a misrepresentation must materially affect the least sophisticated consumer's ability to make a decision in order to be actionable.

While Zwicker is correct that a misrepresentation must be material under § 1692e, "[t]he materiality standard simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer." *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326–27 (6th Cir. 2012) (cited with approval by *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1306 (11th Cir. 2015)); *see also Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1303 (11th Cir. 2014) ("The absence of one or more of the statutory requirements for the validation notice is actionable as a violation of 15 U.S.C. § 1692e under our precedent if the variance is one that would tend to mislead the least sophisticated consumer."). The analysis of whether a false representation is deceptive

---

[3] "[W]hen [] exhibits contradict the general and conclusory allegations of the pleading, [] exhibits govern." *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

to the least sophisticated consumer has two steps. *See Caceres*, 755 F.3d at 1304. First, the court "assume[s] *arguendo*, without deciding, that the least sophisticated consumer might be deterred from pursing his or her rights to dispute the debt" by the debt collector's representation. *Id.* Second, the court asks whether or not "the same implication" would arise if the debt collector complied with the statutory requirements for the validation notice in § 1692g. *Id.*

In *Caceres*, the debt collector stated in the notice that, upon the consumer's failure to respond, the debt would be "assumed valid by the *creditor*," rather than stating that it would be "assumed valid by the *debt collector*," as required by § 1692g. *Id.* First, the court assumed that the notice might deter the least sophisticated consumer from pursing his or her rights to dispute the debt because the language could imply that the consumer's right to dispute the debt was adversely affected by failing to respond. *Id.* Second, the court determined that it would not matter to the consumer whether it was the debt collector or the creditor who assumed the debt was valid. Accordingly, the court held that "because the same implication arises" whether the language of the notice or the language of the statute is used, "the letter did not mislead." *Id.*

First, while Plaintiff correctly states that a communication that "incorrectly identifies" the debt creditor is deceptive, *see Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1306 (11th Cir. 2015), as discussed above, the Court finds that Zwicker's use of the registered servicemark "American Express" to identify an American Express Company affiliate is not technically false.

Plaintiff also alleges that "American Express" is susceptible to an inaccurate reading and is thus deceptive. Specifically, Plaintiff argues that there are over 50 entities in Florida alone whose name begins with American Express and to whom Plaintiff might owe a debt. In analyzing Plaintiff's allegations, the Court assumes, without deciding, that the least sophisticated consumer might be deterred from pursuing his right to dispute the debt because "American Express" could identify more than one American Express affiliate with which Plaintiff has an account. However, if Zwicker used the creditor's full business name, as Plaintiff alleges the statute requires, the same implication arises. Specifically, as discussed above, the least sophisticated consumer, who is familiar with the commonly-used "American Express," but not with

the internal structure of American Express Company, would be no more confused by Zwicker's use of the more familiar "American Express" than with the full business name of an affiliate.[4] Accordingly, Zwicker's use of "American Express" to identify either American Express Centurion Bank or RFC is not misleading under § 1692e, and Count II is dismissed. It is hereby

**ORDERED AND ADJUDGED** that

(1) Defendant's Motion to Dismiss (DE 21) is **GRANTED.**

(2) This case is **DISMISSED with prejudice.**

(3) The Clerk of Court shall **CLOSE THIS CASE** and **DENY ALL PENDING MOTIONS AS MOOT.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 14 day of December, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

[4] Furthermore, the Court notes that it is unlikely that a consumer with multiple "American Express" accounts would be misled, in the first place, because the Demand Letter identifies the specific account and account balance associated with the debt.